IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

No. 17-738 T
(Judge Mary Ellen Coster Williams)

RAGHUVEER K. MENDU,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

_____

**MOTION FOR PARTIAL DISMISSAL PURSUANT TO RCFC 12(b)(1)**

_____

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), Defendant moves this Court to dismiss Plaintiff's claim for judicial review and a declaratory judgment because those claims are brought under the Administrative Procedure Act and this Court lacks subject matter jurisdiction over claims brought under the Administrative Procedure Act. [1]

**BACKGROUND**

Under the Bank Secrecy Act, ("BSA") U.S. persons must keep certain records and file certain reports when they make a transaction or maintain a relationship with a foreign financial agency. *See* 31 U.S.C. § 5314. In particular, U.S. persons who have a financial interest in, or signature authority over, a foreign bank account(s) with an aggregate balance in excess of

---

[1] Defendant reserves its right to answer the remaining counts of the complaint after this Court has resolved this motion to dismiss. The filing of a partial motion to dismiss suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion. *Federal Contracting, Inc. v. United States,* 128 Fed. Cl. 788, 797-798 (2016).

$10,000, are required to report that relationship to the Internal Revenue Service ("IRS")
annually. 31 C.F.R. § 1010.350(a); § 1010.306(c). The report, formally titled "Report of Foreign
Bank and Financial Accounts" but commonly referred to as an "FBAR," is due to be filed with
the IRS on or before June 30 of the year following the calendar year for which the report is
made. 31 C.F.R. § 1010.306(c).

The Act also provides for the imposition of civil penalties against an individual who,
either willfully or non-willfully, fails to comply with the reporting requirements of § 5314. *See*
31 U.S.C. § 5321(a)(5). Penalties for non-willful violations are capped at $10,000, while
penalties for willful violations are capped at either $100,000, or 50% of the account balance,
whichever is greater. *Id.*

On June 2, 2017, Plaintiff Raghuveer Mendu ("Plaintiff") filed a complaint for return of
an illegal exaction and a declaratory judgment.[2] (Complaint, Dkt. No. 1 "Compl."). Plaintiff
alleges that he is a citizen of the United States and that, on or about June 16, 2016, the IRS
assessed a civil penalty under 31 U.S.C. § 5321(a)(5) in the amount of $752,919.36 for the
willful failure to file the required FBAR form for the 2009 reporting year.  Compl. ¶¶4, 62.
Plaintiff contested the penalty assessment before the IRS Office of Appeals, but the assessment
was sustained on February 3, 2017. *Id.* at ¶¶ 69, 71. On or about May 22, 2017, Plaintiff made a
partial payment of $1,000. *Id.* at ¶73.

---

[2] This factual background is based on the allegations in the complaint, which are taken as true for
purposes of deciding this motion. *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572
(Fed. Cir. 1996) ("In deciding whether there is subject matter jurisdiction, the allegations stated
in the complaint are taken as true and jurisdiction is decided on the face of the pleadings")
(citations omitted).

In the complaint, Plaintiff alleges that his failure to file an FBAR was not willful, and that "Defendant acted in a manner that was unreasonable, arbitrary and capricious, in abuse of its discretion, and otherwise not in accord with the law." *Id.* at ¶¶ 82, 83. Among other things, Plaintiff alleges that his accountants and advisors did not advise him of the FBAR filing requirements until 2011, that he later voluntarily filed the delinquent FBAR, and, with regard to certain accounts, that he was not required to disclose a financial interest because he had only signature authority and not a beneficial financial interest. *Id.* at ¶ 66.

Plaintiff seeks the return of his partial payment of $1,000 under an illegal exaction theory. *Id.* at ¶¶ 6, 74-78. Additionally, in Count II of his Complaint, Plaintiff seeks judicial review of agency action under the APA. *Id.* at ¶¶ 79-84. Further, Plaintiff seeks "a declaration from this Court that the willful FBAR penalty assessed by Defendant is null and void, and in violation of the Administrative Procedures Act, 5 U.S.C. § 551, *et seq.*"[3]

## STANDARD FOR DECISION

Rule 12(b)(l) governs the dismissal of claims for lack of subject matter jurisdiction. "All federal courts are courts of limited jurisdiction . . . and a waiver of sovereign immunity by the United States is jurisdictional." *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed. Cir. 1998) (internal citations omitted). For this reason, jurisdiction must be established as a threshold matter before the Court may proceed with the merits of any action. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998). Plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Defects in subject matter jurisdiction cannot be

[3] The provisions providing for judicial review of agency action are contained in 5 U.S.C. § 701 *et seq.*

waived, and a complaint may be dismissed at any time on that basis. RCFC 12(h)(3). "Should the court find that it lacks subject matter jurisdiction to decide a case on its merits, it is required either to dismiss the action as a matter of law or to transfer it to another federal court that would have jurisdiction." *d 'Abrera v. United States*, 78 Fed. Cl. 51, 55 (2007) (collecting cases).

## ARGUMENT

This Court lacks jurisdiction over claims brought under the Administrative Procedure Act ("APA"). *Martinez v. United States,* 333 F.3d 1295, 1313 (Fed. Cir. 2003) (citing *Murphy v. United States*, 993 F.2d 871, 874 (Fed. Cir. 1993). The APA, by its very terms, waives the United States's sovereign immunity only for claims "seeking relief other than money damages." 5 U.S.C. § 702. Therefore, the APA is not a money-mandating statute, and the Court of Federal Claims lacks jurisdiction over APA claims such as Plaintiff's. *See Albino v. United States*, 104 Fed. Cl. 801, 815 (2012). *See also Reilly v. United States*, 93 Fed. Cl. 643, 650 (2010) (noting that jurisdiction over claims relying upon the APA lies solely in the district courts.) Thus, this Court should dismiss Plaintiff's claim for a declaratory judgment and judicial review of agency action.

Further, Plaintiff alleges no other basis for subject matter jurisdiction over a claim for a declaratory judgment. Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1), the Tucker Act, and seeks return of his partial payment based on an illegal exaction theory. The Tucker Act, 28 U.S.C. § 1491, vests jurisdiction in the Court of Federal Claims "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act provides a waiver of sovereign

4

immunity for certain actions seeking monetary relief against the United States to be brought in the Court of Federal Claims. "The actions for which the Tucker Act waives sovereign immunity are actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating constitutional provisions, statutes, regulations, or executive orders." *Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003).

Under the Tucker Act, the Court of Federal Claims may not grant injunctive or declaratory relief. *Richardson v. Morris*, 409 U.S. 464, 465-66 (1973). Moreover, the Court of Federal Claims does not generally have authority to issue declaratory judgments. *United States v. King,* 395 U.S. 1, 5 (1969). Instead, claims for equitable relief, such as a declaratory judgment, are enforced through equitable remedies in the district courts pursuant to federal question jurisdiction under 28 U.S.C § 1331. *See Crocker v. United States*, 37 Fed. Cl. 191, 195 (1997) (citing 28 U.S.C. § 1331), *aff'd,* 125 F.3d 1475 (Fed. Cir. 1997).

## CONCLUSION

This Court lacks subject matter jurisdiction over APA claims and does not generally have the authority to issue declaratory judgments. Accordingly, this Court should dismiss Count II of Plaintiff's complaint for judicial review and a declaratory judgment. *See Martinez v. United States,* 333 F.3d 1295, 1313 (Fed. Cir. 2003); *see also Richardson v. Morris*, 409 U.S. 464, 465-66 (1973).

Dated: September 27, 2017

s/*Miranda Bureau*
MIRANDA BUREAU
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Tel: (202) 353-9171
Fax: (202) 514-9440
Miranda.j.bureau@usdoj.gov

DAVID A. HUBBERT
 Acting Assistant Attorney General
DAVID I. PINCUS
 Chief, Court of Federal Claims Section

Dated: September 27, 2017

s/*David I. Pincus*
Of Counsel

6