IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 17-738 T
(Judge Mary Ellen Coster Williams)

RAGHUVEER K. MENDU,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ANSWER AND COUNTERCLAIM

Defendant, the United States, through its attorneys, answers the complaint in the above-captioned case. Defendant respectfully denies each and every allegation that is not specifically admitted below.

At this juncture, defendant further responds as follows:

1. Admits that Plaintiff is Raghuveer K. Mendu. Denies that the United States illegally exacted any money from Mr. Mendu or that Defendant violated the provisions of the Bank Secrecy Act. Otherwise states that Paragraph 1 is a request for relief to which no response is required.

2. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. Admits that Plaintiff is a United States citizen. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

1

4. Admits that the IRS assessed a willful penalty of $752,920 against Plaintiff under 31 U.S.C. § 5321(a)(5). Denies the remaining allegations in this paragraph.

5. Admits.

6. Admits that Plaintiff made a payment of $1,000. Denies that the $1,000 was improperly paid or constitutes an illegal exaction. Further denies that Plaintiff is entitled to a declaratory judgment under the APA or that this Court has jurisdiction over APA claims.

7. Admits.

8. Admits.

9. Admits that jurisdiction, if it exists, is pursuant to 28 U.S.C. § 1491(a)(1) and that venue is proper. Denies that jurisdiction exists under the Administrative Procedure Act.

10. Denies that Defendant exacted money in violation of the BSA. Defendant further states that Paragraph 10 is a recitation of portions of certain statutory provisions of the BSA, to which no response is required. Defendant further states that the provisions of the BSA, in their entirety, are the best evidence of its contents.

11. Denies that Plaintiff is entitled to a declaratory judgment under the APA, or that the APA provides jurisdiction in this case.

12. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. States that "VMIA" is not defined in the Complaint, and that it currently lacks the knowledge or information sufficient to form a belief as to the allegations in paragraph 13.

14. - 19. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 14 through 19.

20. Denies. Defendant further states that the documents cited are the best evidence of their contents and that Chief Counsel Advi[c]e documents may not be cited as precedent.

21. - 22. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 21 through 22.

23. Admits that Plaintiff had signatory authority, an ownership interest, or other financial interest or authority over multiple bank accounts at the State Bank of Mauritius. Defendant further states that it currently lacks the knowledge or information sufficient to form a belief as to the remainder of the allegations of paragraph 23.

24. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Admits that Plaintiff maintains or maintained a personal account with Andhra Bank. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.

26. – 36. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 26 through 36.

37. Denies.

38. Denies.

39. Denies.

40. - 46. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 40 through 46.

47. Admits that Plaintiff filed FBAR forms for the 2007 through 2010 calendar years on or around June of 2011. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47.

48.- 51. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 48 through 51.

52. Admits that the IRS examined Plaintiff's compliance with the filing of an FBAR form for 2009. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 52.

53. – 55. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 53 through 55.

56. – 57. Admits that a copy of an IRS Letter 3709 and attachments is attached to Plaintiff's complaint. Defendant further states that the document is the best evidence of its contents.

58. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59. Admits that a copy of an IRS Letter 3709 and attachments is attached to Plaintiff's complaint. Defendant further states that the document is the best evidence of its contents.

60.- 61. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 60 through 61.

62. Admits that a copy of an IRS Letter 3708 and a copy of an envelope is attached to Plaintiff's complaint. Defendant further states that the document is the best evidence of its contents.

63. – 64. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 63 through 64.

65. Denies.

66. Denies.

66. a. – l. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraphs a. through l.

66. m. Denies that Plaintiff was not required to report his financial interest in accounts at the State Bank of Mauritius on his FBAR forms. Otherwise, states that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraph m.

67. Denies.

68. Admits the first sentence of paragraph 68. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68.

69. Admits that a protest letter is attached to the Complaint. Defendant further states that the protest letter is the best evidence of its contents.

70. Admits that a copy of a letter is attached to the Complaint. Defendant further states that the letter is the best evidence of its contents. States that that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70.

71. Admits that a copy of 2 letters are attached to the Complaint as Exhibit 5. Defendant further states that each document is the best evidence of its contents.

72. Admits.

73. Admits.

74. Defendant incorporates its response to all preceding paragraphs as if fully set forth in its response to paragraph 74.

75. Denies.

76. Denies.

77. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78. Denies that Plaintiff is entitled to the return of $1,000.

79. Defendant incorporates its response to all preceding paragraphs as if fully set forth in its response to paragraph 79.

80. Denies that this Court has jurisdiction over APA claims.

81. Admits.

82. Denies that Plaintiff's failure to file FBARs was not willful, and further states that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82.

83. Denies.

84. States that it currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

## Counterclaim

As against Plaintiff, Raghuveer Mendu, the United States alleges as follows:

1. This counterclaim is brought pursuant to 31 U.S.C. § 3711(g)(4)(C), 31 U.S.C. § 5321(b)(2) and 28 U.S.C. §§ 1503 and 2508.

2. On June 16, 2016, the IRS assessed a penalty of $752,920 against Plaintiff under 31 U.S.C. § 5321(a)(5), for Plaintiff's willful failure to file Treasury Form TD F 90-22.1 "FBAR" for the year ending December 31, 2009.

3. Section 5314 of Title 31 of the U.S. Code requires a person to keep records and file reports when that person maintains a relation with a foreign financial agency. For the

year at issue, 2009, such reports must be filed on the FBAR on or before June 30 of the year following the calendar year for which the report is made. Section 5321(a)(5) provides for the imposition of civil penalties against an individual who fails to comply with the reporting requirements of Section 5314.

4. Plaintiff, upon information and belief, at all relevant times was a United States citizen.

5. During the 2009 calendar year, Plaintiff had a financial interest in an account at Andhra Bank Ameerpeet Divya, account number ending 0078 ("Account 0078"). Account 0078 was opened prior to 2007.

6. During the 2009 calendar year, Plaintiff had signature or other authority over Account 0078.

7. During the 2009 calendar year, Plaintiff deposited funds into Account 0078 related to property he owns in India.

8. In 2007, Plaintiff co-founded a company called Ventureast Mauritius Investment Advisor ("VMIA") in Mauritius.

9. In 2009, Plaintiff had an ownership interest in VMIA.

10. In 2009, Plaintiff owned 100% of the shares of VMIA.

11. During the 2009 calendar year, Plaintiff had a financial interest in an account at the State Bank of Mauritius, account number ending 1788, ("Account 1788") through his ownership interest in VMIA. Account 1788 was opened in or around October of 2007.

12. During the 2009 calendar year, Plaintiff had signature authority, or, some other type of authority, over Account 1788.

13. During the 2009 calendar year, Plaintiff had a financial interest in an account at the State Bank of Mauritius, account number ending 3482, ("Account 3482") through his ownership interest in VMIA. Account 3482 was opened in or around September of 2008.

14. During the 2009 calendar year, Plaintiff had signature authority, or, some other type of authority, over Account 3482.

15. The aggregate value of the three bank accounts referred to in paragraphs 5 through 14 of this Counterclaim was greater than $10,000 during the 2009 calendar year.

16. Additionally, in 2009 Plaintiff had a signature authority or other authority over four other bank accounts at the State Bank of Mauritius, account numbers ending in 9890, 9904, 2871, and 2867.

17. Plaintiff did not file an FBAR form for 2009 on or before June 30, 2010.

18. Plaintiff filed a Form 1040, Federal Income Tax Return for 2008, on or about August 25, 2009, and signed it under penalty of perjury.

19. Schedule B of the Form 1040 contains a section titled "Foreign Accounts and Trusts." Plaintiff checked "no" in response to question 7a., which asks "At any time during 2008, did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account?" Question 7a of the Schedule B of the Form 1040 for 2008 also states "See instructions on back for exceptions and filing requirements for Form TD F 90-22.1"

20. Plaintiff filed a Form 1040, Federal Income Tax Return for 2009, on or about September 3, 2010, and signed it under penalty of perjury.

21. Schedule B of the Form 1040 contains a section titled "Foreign Accounts and Trusts." Plaintiff checked "no" in response to question 7a., which asks "At any time during 2009,

did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account?" Question 7a of the Schedule B of the Form 1040 for 2009 also states "See instructions on back for exceptions and filing requirements for Form TD F 90-22.1"

22. Plaintiff had actual knowledge of his duty to file an FBAR form for 2009 prior to June 30, 2010.

23. Alternatively, Plaintiff had constructive knowledge of his duty to file an FBAR form for 2009 prior to June 30, 2010.

24. Despite having actual or constructive knowledge of his duty to file an FBAR form for 2009 prior to June 30, 2010, Plaintiff did not file an FBAR form for 2009 prior to June 30, 2010.

25. Additionally, Plaintiff did not report income from any of the three foreign bank accounts referred to in paragraphs 5 through 14 on the Schedule B of his Form 1040 for 2009.

26. Plaintiff's failure to file an FBAR form for the 2009 calendar year was willful within the meaning of 31 U.S.C. § 5321.

27. On June 16, 2016, a delegate of the Secretary of the Treasury assessed a civil penalty against Plaintiff in the amount of $752,920, ("FBAR penalty") due to Plaintiff's willful failure to disclose Account 0078, Account 1788, and Account 3482 on an FBAR form for the 2009 reporting period.

28. A delegate of the Secretary of the Treasury sent Plaintiff notice of the assessment of the FBAR penalty and demand for payment.

29. Plaintiff has not fully paid the amount of the FBAR penalty.

30. 31 U.S.C. § 3717(e)(2) provides that the head of an executive, judicial, or legislative agency shall assess on a claim owed by a person a penalty charge of not more than 6 percent a year for failure to pay a part of a debt more than 90 days past due.

31. This counterclaim to collect the 2009 FBAR penalty is timely under 31 U.S.C. § 5321(b)(2), because it is filed within two years of the date on which the penalty was assessed, June 16, 2016.

32. Mendu is liable to the United States for the 2009 FBAR penalty, in the amount of $752,920, plus a 31 U.S.C. § 3717(e)(2) penalty and interest accruing under law until the liability is paid in full.

WHEREFORE, the United States of America requests that this Court:

(a) Enter judgment in favor of Defendant the United States and against Plaintiff, for the civil FBAR penalty assessed against Plaintiff for 2009, in the total amount of $752,920, plus the 31 U.S.C. § 3717(e)(2) penalty and interest accruing under law until the liability is paid in full; and,

(b) Award the United States its costs, and such further relief as the Court deems just and proper.

Dated: October 3, 2017

                                                s/*Miranda Bureau*
                                                MIRANDA BUREAU
                                                Attorney of Record
                                                U.S. Department of Justice
                                                Tax Division
                                                Court of Federal Claims Section
                                                Post Office Box 26
                                                Ben Franklin Post Office
                                                Washington, D.C. 20044
                                                Tel: (202) 353-9171
                                                Fax: (202) 514-9440
                                                Miranda.j.bureau@usdoj.gov

                                                DAVID A. HUBBERT
                                                 Acting Assistant Attorney General
                                                DAVID I. PINCUS
                                                 Chief, Court of Federal Claims Section

Dated: October 3, 2017                    s/*David I. Pincus*
                                                Of Counsel